# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:00cr42

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| DESMOND SENTELL DAILEY. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Notice of Ineligibility Regarding Crack Cocaine, 18 U.S.C. §3582 [Doc. 140], filed February 15, 2009.

Haakon Thorsen was appointed in July 2008 to represent the Defendant in order to ascertain whether the Defendant would be eligible for any relief pursuant to the Crack Cocaine Guideline Amendment. [Doc. 127]. On January 15, 2009, the United States Probation Office filed a Supplement to the Presentence Report Pursuant to Crack Cocaine Guideline Amendment [Doc. 137] and a Sentencing Recommendation Pursuant to Crack Cocaine Guideline Amendment [Doc. 138]. The Probation Office determined that the Defendant was not eligible for relief.

Because Mr. Thorsen had not filed any report in the record, the undersigned required him to advise the Court whether he would file a motion on the Defendant's behalf or a notice of ineligibility for relief. [Doc. 139]. On February 15, 2009, a notice of ineligibility for relief was filed advising that because the Defendant was sentenced to the mandatory statutory minimum sentence, no relief is available.

The Court has reviewed the supplement to the presentence report as well as the notice of ineligibility. The Defendant is not eligible for relief because the mandatory statutory minimum sentence of 120 months was not waived by the original sentencing court. If the Amendment had been in place at the time of the original sentencing, the guideline range would have been the mandatory minimum sentence of 120 months.

**IT IS, THEREFORE, ORDERED** that the Defendant is not eligible for relief pursuant to the Crack Cocaine Guideline Amendment.

Signed: February 20, 2009

Martin Reidinger
United States District Judge